UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JP MORGAN CHASE BANK, NA,

    Plaintiff,

v.                                       Case No. 09-CV-11753

SHARONDA BURTON, d/b/a         HONORABLE AVERN COHN
SB&C ENTERPRISES,

    Defendant.

_____/

**MEMORANDUM AND ORDER**
**DENYING DEFENDANT'S MOTION TO DISMISS**

**I. Introduction**

    This is a contract case. Plaintiff JP Morgan Chase Bank, NA ("Chase") claims that Defendant Sharonda Burton, d/b/a SB&C Enterprises ("Burton") applied for and obtained a commercial loan through fraud. The Complaint contains claims as follows:

    Count I:     Breach of contract

    Count II:    Breach of contract implied in fact

    Count III:   Breach of contract implied in law / unjust enrichment

    Count IV:   Promissory estoppel

    Count V:    Fraud/Misrepresentation

    Count VI:   Constructive fraud - Negligent/Innocent misrepresentation

    Count VII:  Restitution/Constructive trust

    On May 27, 2009, Burton, who is proceeding pro se, filed a motion to dismiss under Fed. R. Civ. P. 12(b)(6). Pursuant to E.D. Mich. LR 7.1(e)(2), the Court will decide this

motion without oral argument. For the reasons that follow, the motion will be denied.

## II. Background[1]

This action arises out of a loan transaction between Chase, the lender, and Burton, the borrower. In 2008, Chase loaned money to Burton. On September 2, 2008, Burton executed three loan documents, all of which are signed by Burton and attached as exhibits 1, 2, and 3 to the Complaint, respectively. The first document is a promissory note in favor of Chase, in which Burton promised to pay back the principle amount of the loan, $100,000. The second document is a "Sworn Statement For Unincorporated Individual Business Entity Loans," in which Burton certified that she was engaged in a "trade-wholesale" type of business. The third loan document is an "Amendment Authorizing Credit Access to Business Line of Credit," in which Burton requested and authorized Chase to issue a credit card as an access device to the line of credit described in the promissory note. Collectively, these three documents shall be referred to as "the loan documents."

As part of the loan application process, Burton produced certain documents detailing her financial situation and the financial condition of her company, SB&C Enterprises. Chase relied on these documents in deciding whether to loan funds to Burton.

Burton defaulted on her repayment obligations by failing to make payments when due, among other things. Burton also misrepresented her financial situation when applying for the loan. In the loan documents, Burton "grossly overstated and misrepresented [her] assets and income," which caused Chase to be "materially misled as to Burton's financial condition."

---

[1] The background is gleaned from the Complaint. All factual allegations are taken as true for purposes of this motion. See Marks v. Newcourt Credit Group, Inc., 342 F.3d 444, 451-452 (6th Cir. 2003).

Consequently, Chase exercised its right, as provided in the loan documents, to accelerate the debt. As of March 20, 2009, the total amount owed by Burton was $91,687.87.

Chase demanded that Burton pay her indebtedness but she has failed to do so. This lawsuit followed.

### III. Fed. R. Civ. P. 12(b)(6) Standard

The standard under Fed. R. Civ. P. 12(b)(6) has recently been summarized by the Sixth Circuit as follows:

> In deciding a Rule 12(b)(6) motion, a district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true. But the district court need not accept a "bare assertion of legal conclusions."
>
> In Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 1974, 1965, 167 L.Ed.2d 929 (2007), the Supreme Court said that, when viewing the complaint under the above standards, to survive a motion to dismiss a complaint must contain (1) "enough facts to state a claim to relief that is plausible," (2) more than "a formulaic recitation of a cause of action's elements," and (3) allegations that suggest a "right to relief above a speculative level."

Tackett v. M&G Polymers, USA, LLC, 561 F.3d 478, 488 (6th Cir. 2009) (citations omitted).

### IV. Analysis

#### a. Burton's Motion to Dismiss

In her motion, which is a total of two double-spaced pages in length and partially incomprehensible, Burton argues that the case should be dismissed because "plaintiff has ma[de] false statements [as] it relates to the defendant's actions in this matter" and because she "disagree[s] with all the allegations . . . by the plaintiff." Burton further states that Chase has refused to accept payments made on her behalf and that she "will be more than happy to arrange[] an accelerated plan of repayment."

3

### b. Chase's Response

Chase argues that Burton's motion should be denied for three main reasons. First, Chase states that Burton has failed to comply with the Court's local rules concerning the form of motions inasmuch as she cites no legal authority and presents no factual support other than her unsworn statements. Second, Chase contends that it has sufficiently pled all elements of each cause of action asserted in the Complaint and that, accordingly, dismissal of the Complaint based on Rule 12(b)(6) would be improper. Third, Chase argues that Burton essentially admits in her motion the existence of the contracts and her failure pay as agreed.

### c. Discussion

The Court agrees with Chase. Dismissal of the case at this time would be improper and unwarranted because Chase's Complaint is well-pled and states plausible claims for relief. If the allegations contained in the Complaint are false, as Burton argues, she will have the opportunity to prove it at trial.

### V. Conclusion

For the reasons stated above, Burton's Motion to Dismiss is DENIED. This case shall proceed.

SO ORDERED.

Dated: August 26, 2009

                                               s/ Avern Cohn
                                               AVERN COHN
                                               UNITED STATES DISTRICT JUDGE

**09-11753 JP Morgan Chase Bank, NA v. Burton**

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing document was mailed to the attorneys of record and Sharonda Burton, 5109 Grandy, Detroit, MI 48211 on this date, August 26, 2009, by electronic and/or ordinary mail.

                                     s/ Julie Owens
                                    Case Manager, (313) 234-5160